## PENNSYLVANIA *v.* JAMES HONEYMAN.

*H*ONEYMAN was indicted for the murder of Benjamin *Afkins*, on 23d *November*, 1793.— *Afkins*, *Honeyman*, and two others, *Ward* and *Faris*, had been drinking together, and were dancing in *Afkin's* houfe. *Ward* fhoved *Faris*, who complained of it.— *Ward* afked if he refented it. *Afkins* faid, if he did not, he would; and he threw off his cloaths, and ftruck at *Ward*, who kept off the blow, and left the houfe. *Honeyman* called after him to come back, and fee it out, and he would fee fair play. *Ward* would not. *Honeyman* turned to *Afkins*, faid, " You are a damned rafcal, to ftrike a man before he is ready," knocked him down, ftamped on him, and beat him. Two or three times, as *Afkins* raifed himfelf to his knee, *Honeyman* knocked him down, telling him, " *Ben*, if you know when you are well, lie ftill." *Afkins* died the next day of the bruifes. He was a puny weak man; *Honeyman* was a ftout young fellow.

*Brackenridge* and *Carfon*, for the defendant. Fight- 1 *L. Ray.* 143. ing on a fudden quarrel, and killing, is only man- 4 *Comm.* 191. flaughter. We admit, this is manflaughter. Though implied malice be fufficient to make the killing murder, ftill there muft be malice. If there be no circumftances of malignity, or, if the killing be fudden, or with a *Fofter* 255, weapon not likely to kill, there is no ground for imply- 290. ing malice. Here there is no deliberate defign. The parties were in liquor. *Afkins* and *Honeyman* were in terms of friendfhip. *Afkins* violated the peace in his own houfe. *Honeyman* wanted to reprefs him, and what 12 *Co.* 88. he did was in defence of his friend.

*Galbraith*, for the ftate, contended, that from the evidence, and the law arifing out of it, the killing was murder.

PRESIDENT. The unfortunate ground of this crime, is that riotous intemperance, fo dangerous, on all occafions, efpecially in ungarded and unprincipled company.

This is not juftifiable homicide, not having happened in the difcharge of any duty; nor is it excufeable, not having happened in felf-defence, or by accident. It

muft, therefore, be felonious homicide: and the queftion is whether it is murder or manflaughter.

*Prima facie*, every killing is murder, for malice is prefumed, unlefs the prifoner fhew extenuating circumftances, which take away the prefumption of malice. If there be no malice, it is but manflaughter. If there be exprefs malice, or malice implied in the circumftances of the tranfaction, it is murder. The diftinction between murder and manflaughter is nice; and cafes lying on the borders of both have been often, and long and earneftly difputed, and doubtfully decided. Hence fo many fpecial verdicts, to find whether manflaughter or murder.

I have faid, that every voluntary killing, or every act, which apparently muft do harm, which is done with intent to do harm, and done without provocation, and of which death is the confequence, is murder; for provocation is not prefumed, and malice is prefumed: the law implies malice, and the defendant muft fhew provocation, to rebut the prefumption of malice. But malice may be more than implied; it may be exprefs. Malice exprefs is a deliberate or formed defign of taking away the life of another, or of doing him fome bodily mifchief: and this may be manifefted either by words or actions. Implied malice is collected either from the manner of the killing, or from the perfon killed, or the perfon killing. In wilful poifoning, in killing, though undefignedly, by a voluntary act, apparently mifchievous, or in killing without provocation, malice is implied from the manner of the act: and it is not neceffary, that the malice fhould have exifted long before, it is fufficient, if it exift at the time.— Malice, as ufed in the definition of murder, is a technical expreffion, and not to be taken in the common fenfe of that word. In common acceptation, malice is taken to be a fettled anger in one perfon againft another, and a defire of revenge. But in this legal or technical acceptance, it imports a wickednefs, which includes a circumftance attending an act, that cuts off all excufe. It is ufed as fynonymous to frowardnefs of mind; and means, that the fact hath been attended with fuch circumftances, as are the ordinary fymptoms of a wicked, depraved, malignant fpirit, the plain indications of a

heart regardlefs of focial duty, and fatally bent upon mifchief. It is a defign of doing mifchief, a voluntary cruel act. Malice, therefore, is implied in every act of killing, for which there is no legal juftification, excufe, or extenuation.

The excufe for murder arifes from authority not wantonly or cruelly exercifed or abufed, or from the infirmity of the human conftitution. A father may correct his child, or a mafter his fervant, apprentice, or fcholar, in a reafonable manner; and if an accidental death enfue, it is only manflaughter, or perhaps homicide *per infortunium.* But if the correction be unreafonable, with unufual or improper weapons, or with extraordinary circumftances of cruelty, and if death be the confequence of it; fuch killing is murder. Such would be the cafe of a killing, by any perfon, in the prefervation of the peace. If one, having no authority over another, but provoked to paffion by an act of perfonal violence, in his paffion, beat the perfon thus violently provoking him, and, by fuch beating, kill him, it is but manflaughter: paffion excludes the prefumption of malice. But if the provocation was not fufficient, or whatever it might have been, if there was no paffion excited, or, though excited, if there was time for the paffion to cool, and it had fubfided; the killing is murder. Cool expreffions, wanton, and deliberate or unufual cruelty, are evidences of want of paffion, and are therefore evidences of malice. Suddenly interfering, in favour of a friend engaged in combat with another, and killing the other in defence of this friend, has been held but manflaughter. This muft be on the fuppofition of paffion excited by the danger of the perfon, in whofe favour the killer interferes in the quarrel.

The jury are the judges whether the facts be true or not; the court muft judge of what defcription the crime is, which thofe facts compofe, whether murder, manflaughter, or inferior homicide: for that is defining or explaining what the law is; and this is the duty of the court.

It becomes our duty, therefore, to fay, on the fuppofition, that the facts ftated, and not contradicted here, were what really happened, whether they amount to manflaughter only, or to murder. This depends on

*L 3*

Marginal citations:
1793.
*Kel.* 28, 64, 65, 127. 132-3 -4. *Fofter* 262. *L. Ray.* 144, 1498. 1 *Hale* 473 4. 4 *Com. Di.* 20.
*Kel* 60, 61, 63, 13 , 119, 128. 1 *Hawk.* c 31, § 23. 38, 39 *L. Ray.* 1495.
12 *Co.* 87. *Kel.* 60-1.
*Kel.* 50. *L. Ray* 1493·4· *Fofter* 255.

whether *Honeyman* acted with malice aforethought, in its legal fenfe. And this depends on whether he acted on fufficient provocation and in paffion.

He had no provocation. The provocation was to *Ward.* There was no occafion to interfere in favour of *Ward*; for he had left the houfe, and was out of the reach of danger, if he had ever been in any, from *Afkins. Afkins* was preferving (however improperly) the peace of his own houfe. *Honeyman* had no right to interfere; and we fee no intereft that he had in *Ward* more than in *Afkins*, nor any motive, but the love of mifchief. If even there had been provocation, (and there was none) *Honeyman* appears to have been cool, and without paffion. As he knocks down *Afkins*, he fays, " If you know when you are well, *Ben*, lie ftill." His acts are voluntary, wanton, deliberate, and cruel, to a poor weak man; they are the fymptoms of a froward mind, of a wicked, depraved, and malignant fpirit; the plain indications of a heart regardlefs of focial duty, and fatally bent upon mifchief: they therefore manifeft malice aforethought; and this killing is murder.

The jury found him guilty of murder: and fentence of death was paffed on him. An application was made for a pardon—and, on a reference to the attorney general, he fuggefted, as an error in the indictment, that the epithets, *felonioufly, wilfully,* &c. applied to the affault, were not alfo applied to the ftroke.\* On this a writ of error was brought. What the iffue of this was, or whether *Honeyman* was pardoned, I know not.†

\* See *Walker's* cafe, 4 *Co.* 41-2.

† See 2 *Dall. Rep.* 228, where the judgment in this cafe is reverfed.